Jose Cardenas
66635 Ironwood Apt. A
Desert Hot Springs CA 92240
760-984-8788

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CALIFORNIA 2023 JUN 23 PM 2: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

Jose: Cardenas

      Plaintiff

vs.

REGION 9 IV-D AGENCY &
DAVID KILGORE

      DEFENDANT(S)

Case No.: Number

**EDCV23-01220 JWH(JC)**

**COMPLAINT FOR DEPRIVATION
OF RIGHTS UNDER COLOR OF
LAW; DISICRIMINATION; AND
FRAUD BY FALSE PERSONATION**

FEE PAID

COMES NOW, the Plaintiff, Jose: Cardenas, *sui juris* who files this 42

U.S.C § 1983 Complaint and asserts his claims od defendant a sum in exes of

$172,540.00 and in support thereof shows this Court the following:

## A. Jurisdiction and Venue

1.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, 28

U.S.C. § 2201 et seq, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 18 U.S.C. § 1584, Fourth

Fifth Thirteenth Amendment Rights, Fourteenth Amendment Rights, and

discrimination

2    Venue is proper in the United States District Court for the District of

California pursuant to 28 U.S.C. 1391(b)(1). Venue is further proper by virtue of the

actions arising in district of the District of California and the District of California

local rule provides that, "Any civil action brought in this district on the grounds that

the cause of action arose here must be filed in a division of the district wherein the

activity occurred."

## B. Parties

1

1. **Plaintiff**: Jose: Cardenas, *sui juris* in propria persona who dwells at 66635 Ironwood Drive Apt. A, Republic of California, Desert Hot Springs Non-Domestic; Real Land North America.

2. **Defendant(s)**: Region 9 IV-D Agency & DAVID KILGORE, named and sued in the capacity of 42 U.S.C. § 659(a)(b) & (i)(4) private person at all times relevant to the causes of action set forth herein. His principal place of business is 11150 International Dr. Rancho Cordova CA 95670. At all times herein, Defendant acted under color of federal and state law, color of authority, and color of office.

## C. <u>This is Not an Appellate Review</u>

3.     Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

4.     This complaint does not stem from a loss in any Article VI Sec. 1 Court vested with Constitutional power or authority from the sovereign State of California, nor is this complaint the equivalent of an appellate review of an Article VI Sec. 1 State of California Court judgment; and this Honorable Court will not be exercising an impermissible appellate review of any said named Court order. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

5.     This complaint is the direct result of discrimination, fraud, and the denial and violation of my 5th 4th, 13th 14th Amendment rights secured and further supported by the due process of law; belonging to Plaintiff Cardenas in supporting my human offspring in private without the officious intermeddling of Defendant(s) Region 9 IV-D agency & DAVID KILGORE through contractual agents.

6.     The crux of this complaint is the premeditated rights deprivations and violations for profit committed by Defendant(s) Region 9 IV-D agency & DAVID KILGORE, in return for payment from the U.S. DHHS under a 45 C.F.R. § 301.10

plan, in the performance of foreign and domestic contracts, under foreign federal terms that resulted in Plaintiff Cardenas being deprived of my life, my liberty, property, my privileges, and immunities. As a result of the acts performed by Defendant(s) I have been in a like manner disfranchised by the denial of due process of law and without due course of the law of the land especially by infliction of emotional distress.

7.    Title IV-D of the Act is not the law of the land and has never been enacted into positive law, thus rendering the violations and deprivation of my rights secured committed by Defendant(s) under color of law, and § 1983 customs and usage. Defendant(s) performed *ex contractu* for profit which resulted in loss of rights in the name of IV-D of the Act and its federal regulations.

## D. IV-D Agency Properly Identified

8.    Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

9.    Accordingly the term 42 U.S.C. § 4601(3) "State agency" means any department, agency, or instrumentality of a State or of a political subdivision of a State, any department, agency, or instrumentality of 2 or more States or of 2 or more political subdivisions of a State or States, and any person who has the authority to acquire property by eminent domain under State law.

10.    *Nomen juris* is the name of a law; a technical legal term.  Black's Law Rev. 4th Ed.p.1198. 45 C.F.R. § 301 legally defines the "IV-D agency" as the alone, detached, and disconnected organizational unit ["IN"] the State that has the

3

responsibility for supervising the administration of the submitted plan under IV-D of the Act. *Nomina mutabilia sunt, res autem immobiles*, a name may be true or false, or may change, but the thing itself always maintains its *identity*. 6 Coke, 66.

11.    The IV-D agency operating ["IN"] the State of California is not a State agency and is the sole point of contact for the federal government and the sole entity through which *all* federal IV-D funding and profit flows. The IV-D agency must *contract* with governmental entities such as state courts, clerks of courts, law enforcement officials such as district attorneys, attorneys general, and similar public attorneys and prosecutors, and corrections officials to provide IV-D enforcement services in return for payment. 45 C.F.R. § 302.34.

12.    Presently, *expressio unius est exclusio alterius* is the legal maxim that provides expression of one thing; *i.e.* IV-D agency, is the exclusion of another. *i.e.* State agency. Co.Litt. 210a; *Burgin v. Forbes*, 293 Ky. 456, 169 S.W.2d 321, 325; *Newblock v. Bowles*, 170 Oki. 487, 40 P.2d 1097, 1100. Mention of one thing *i.e.* IV-D agency implies exclusion of another, *i.e.* State agency. *Fazio v. Pittsburgh Rys. Co.*, 321 Pa. 7, 182 A. 696, 698; *Saslaw v. Weiss*, 133 Ohio St. 496, 14 N.E.2d 930, 932. When certain persons or things *i.e.* IV-D agency are specified, in a law, contract, or will, an intention to exclude all others *i.e.* State agency from its operation is inferred. *Little v. Town of Conway*, 171 S.C. 27, 170 S.E. 447, 448.

13.    Therefore, the above identity of the IV-D agency herein is "the sameness in the law of evidence, the fact that a subject person or thing before the

Court is the same as it is represented, claimed, or charged to be." *Burrill, Circ. Ev.* 382, 453, 631, 644.

### E. <u>Factual Background</u>

14.    Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

15.    Plaintiff uncovered newly discovered evidence pertaining to the Region 9 IV-D agency performance under IV-D of the Act for profit. Thereafter plaintiff decided that I no longer wanted to participate in the IV-D program and the peril of enforcement services from which I suffered.

16.    Therefore, on or about March 28, 2023, consistent with Article I Sec. 7 due process of law, Plaintiff Cardenas served the Region 9 IV-D agency & DAVID KILGORE by certified mail with a notarized case closure request based on 45 C.F.R. § 303.11 (a)(12), that I am a non IV-A recipient who requests closure of IV-D services, and there is no assignment to the HHS for medical support under 42 C.F.R. § 433.146 or of arrearages which accrued under an administrative order.

17.    Defendant(s) were afforded (10) ten 45 C.F.R § 32.2 business days to comply with the 45 C.F.R. § 303.11(a)(12) closure of IV-D services; including: Cease and desist from garnishing my honestly acquired income; Terminate alleged arrears plus remove said from my credit history; and Refund me $172,540.00 in full at 6% interest. Defendant(s) failed to comply with the closure requirements of 45 C.F.R. § 305.63(b)(2) standards which resulted in the violations.

18.    45 C.F.R. § 303.11(a) required the Defendant(s) to establish a system for case closure. Defendant(s) under the plan is responsible for instituting a consistent policy statewide on the appropriateness of closing IV-D cases relying solely on federal requirements. In accordance with 45 C.F.R. § 305.63(b)(2) standards for determining substantial compliance with IV-D requirements, Defendant(s) are to provide services to at least 90 percent of case closure criteria cases reviewed.

19.    Defendant(s) performance *ex contractu* in full compliance with title IV-D of the Act, implementing federal regulations and any other applicable federal regulations and requirements as set forth herein at length, placed Plaintiff to imminent apprehension of such performance that constituted the deprivation of my 4th, 5th, 13th, and 14th Amendment rights and immunities secured.

## COUNT I.
### Cardenas v. Region 9 IV-D Agency & DAVID KILGORE
### Discrimination

20.    Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

At all times relevant, and in accordance with Title VI, 42 U.S.C. § 2000d et seq. prohibitions, during the case closure request Defendant Region 9 IV-D agency & DAVID KILGORE discriminated against Plaintiff Cardenas on the basis of my male gender on the basis of performance under IV-D contract and regulations for incentive payments and profit form the U.S. DHHS. KILGORE knowingly and intentionally did not review my request for case closure on the basis that said

closure request is 100% gender biased because it only allows women to request case closure not men.

21.     Simple justice requires that public funds, to which all men and woman contribute, not be spent in any fashion which encourages, entrenches, subsidizes, or results in racial, color or national origin discrimination. Title VI itself prohibits intentional discrimination of any kind. However, it is clear that Defendant(s) Region 9 IV-D agency DAVID KILGORE, are outsourced by the federal OCSE within the U.S. DHHS *i.e.* the funding agency has regulations implementing Title VI that prohibit the above practices that have the effect of discrimination on the basis of my gender.

22.     The discrimination against Plaintiff Cardenas resulted in the deprivation of my rights to equal protection of the laws, under color of law in bad faith, and with malicious purpose in reckless, wanton, and willful disregard of Title VI, 42 U.S.C. § 2000d et seq. and 14th Amendment prohibitions.

## COUNT    II.
### Cardenas v. Region 9 IV-D Agency & DAVID KILGORE
### Fraud By False Personation

23.     Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

24.     The IV-D agency & DAVID KILGORE through contractual agents did commit fraud by the intentional perversion of truth, in that the IV-D agency was a State agency in contrast to 45 C.F.R. § 301 IV-D which defines the IV-D agency as the alone, detached, and disconnected organizational unit ["IN"] the State that has the responsibility for supervising the administration of the plan under Title IV-D of

7

the Act. See also Sec. 8 Child Support Enforcement Progran.p.73. 77-089.job
(govinfo.gov) "The IV-D program *operated by* States."

    25.    It has been held that evidence of reliance by the intended victim is
admissible because reliance is an essential element of the offense. *Haid v. United
States*, 157 F.2d 630, 632 (9th Cir. 1946). This conclusion seems to originate from a
misinterpretation of *United States v. Barnow*, 239 U.S. 74, 80 (1915), in which the
Supreme Court said: "It is the aim of the section not merely to protect innocent
persons from actual loss through reliance upon false assumptions of federal
authority, but to maintain the general good repute and dignity of the service
itself." Id. at 80.

    26.    Obviously, in cases under 18 U.S.C. § 912 in which a thing of value has
been obtained, reliance by the victim is almost always provable. It is the view of the
Criminal Division, however, that there is no such reliance requirement inherent in
the statute. See *Levine v. United States*, 261 F.2d 747, 751 (D.C.Cir. 1957).

    27.    The intentional perversion of truth by the Region 9 IV-D agency &
DAVID KILGORE was that the IV-D agency was a State agency for the purpose of
inducing Plaintiff Cardenas in reliance upon alleged authority thereof by threat,
duress, and coercion to part with my honestly acquired income and also to
surrender my God given and Constitutional rights secured. *Budd v. the People of the
State of New York.* 143 U.S. 517.

    28.    Defendant(s) made the false allegation that Plaintiff was an *ens legis,*
*i.e.* noncustodial parent in order to subject me to the perils of IV-D, the nonpositive

law title. In doing so Defendant(s) without my consent or knowledge renamed and then succeeded me, as in the devolution of my title of man to 20 C.F.R. 422. § 103(d) property in the name of IV-D profits. This technique used by Defendant(s) gave the illusion that I was voluntarily participating in the program by words and by conduct, by the false and misleading allegations, and by threat, duress, and coercion that required me to involuntarily participate in the IV-D program, and by concealment of the legal consequences that arose from participating in the program that should have been disclosed, which deceived and was intended to deceive me so that the Region 9 IV-D agency & DAVID KILGORE did act upon it to my current legal injuries.

29.     The Federal Glossary of Common Child Support Terms provides that "due process is the principle of fairness in legal proceedings so that a person has a right to know". The 5th and the 14th Amendment protects Plaintiff Cardenas from deprivation of life liberty or property unless by due process law. However, Defendant(s) through contractual agents failed to afford me due process, *i.e.* my right to know that the IV-D agency was not a State agency  but merely a 42 U.S.C § 659 (a)(b)(i)(4) private person.

30.     Committing the above fraud resulted in the deprivation of Plaintiffs' rights, and Defendant(s) IV-D agency & DAVID KILGORE by false personation of a State agency under color of law and authority in bad faith and with malicious purpose in reckless, wanton, and willful disregard of my due process right to decide to participate in the program or not.

## COUNT III.
## Cardenas v. Region 9 IV-D Agency & DAVID KILGORE
### 4th & 5th Amendment Violations

31.    Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

32.    Defendant(s) encroached by gradual steps and stealth upon my 4th Amendment right to be secure in my persons, houses, papers, and effects. My immunities against unreasonable searches and seizures was violated, and no warrant oud have been issue, because there was no probable cause, supported by Oath or affirmation particularly describing the place to be searched, and the persons or things to be seized.

33.    Defendant(s) violated my 4th & 5th Amendment rights by intentionally, and knowingly not providing me with notice that the 20 C.F.R. § 422.103(d) SSN is the "*key*" piece of information around which the 45 C.F.R. § 307.11 system is constructed. Key as in "indefinite description of property is made certain." *Erwin v. Hardin*, 187 Ga. 275, 200 S.E. 159, 162. Moreover, 45 C.F.R. § 307.11 computer "*searches*" need the SSN in order to operate effectively.

34.    Defendant(s) further violated my 4th & 5th Amendment rights by intentionally, and knowingly not providing me with notice that under the list of Routine usage 60-0058 Master Files of Social Security Number holders that the SSN is provided to the U.S. DHHS and the federal OCSE, as required by the Social Act for the administration of the Federal Parent Locator System.

35.    To effectuate the unreasonable search of my personal information and seizure of my honestly acquired income, Defendants established an automated

directory hereafter the 'State Directory of New Hires'. 42 U.S.C. § 653.Pursuant to Sec. 453A (1) Reporting Requiring (A) *employers shall* furnish to the Directory of New Hires of the State in which a newly hired employee works, a report that contains the name, address, and social security number of the employee (A) Within 3 business days after the date information regarding a newly hired employee is entered into the State Directory of New Hires, the State Directory of New Hires shall furnish the information to the National Directory of New Hires.

36.    The State Directory of New Hires & the National Directory of New Hires violated the 4th Amendment and denied my Rights thereunder to be secure in my persons, papers, and effects by 45 C.F.R. § 301.100(e)(3) initiated withholding. Defendant(s) did employ the 45 C.F.R. § 307.11 functional computerized support enforcement system to receive notice of my income and income source.

37.    The Defendant(s) violated the 4th Amendment by fraudulently initiated the 45 C.F.R. § 301.100(a)(1) withholding by mailing Plaintiff's employer an OMB-0970-0154 IWS form demanding payment be seized from my honestly acquired income and given to the SDU within 7 business days of the date I was paid.

38.    Herein provides that mail fraud occurred because Defendant(s) Region 9 IV-D agency & DAVID KILGORE used the U.S. Mail in furtherance of the wage withholding. Defendant(s) (1) where engaged in a scheme to defraud Plaintiff; (2) the scheme involved material misstatements and omissions; (3) the scheme resulted upon completion, in the loss of money, *i.e.* property, and my honest services; (4) the

Defendant(s) used the U.S. mail in furtherance of scheme to defraud me and my

employer; and (5) the Defendant(s) did used and caused the use of U.S. mail.

39.    Defendant(s) used duress under Sec. (iv) by claiming that the

withholding from my honestly acquired income was binding as in "to affect one in a

constraining or compulsory manner with a contract or a judgment." *Stone v.

Bradbury*, 14 Me. 193,  on my employer, under threat of Sec. (v) fines and (vi)

liability of accumulated amount my employer should have withheld from my

income.

40.    Unless my employer agreed to voluntarily participate in the program

under 45 C.F.R. § 303.107(c), specified that he will comply with title IV-D of the Act,

implementing Federal regulations and any other applicable Federal regulations and

requirements, he was not legally bound or obligated to provide my personal

information to and for the Defendant(s) to unreasonably search for, locate, and then

seize my honestly acquired income.

41.    "Illinois, like other states which have voluntarily agreed to participate

in the IV-D program, are required to offer ~~child support~~ IV-D services as a condition

of federal funding." *Mason v. Bradley*, 789 F. Supp. 273 (N.D. Ill. 1992).

"Participation by a state in the IV-D program is voluntary." *Wehunt v. Ledbetter*,

875 F.2d 1558, 1563 (11th Cir. 1989).

42.    Defendant(s) Region 9  IV-D agency & DAVID KILGORE violated the

4th Amendment by the unreasonable searching my private and personal information

in order to seize my honestly acquired income without a warrant absent probable

cause, under color of law, in bad faith and with malicious purpose in reckless,

wanton, and willful disregard of Plaintiff Cardenas' rights to be secure in my person

and papers and against the unreasonable seizure of my property.

### COUNT IV.

### Cardenas v. Region 9 IV-D Agency & DAVID KILGORE
### 14th & 5th Amendment Violations

43.     Plaintiff hereby incorporates by reference the prior paragraphs of this

Complaint as though fully set forth at length.

44.     The 5th and 14th Amendment protects Plaintiff from the deprivation of

my "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §

1". *Edwards v. Desbien*, Civil Action No. 15-cv-00333-GPG, 7 (D. Colo. Apr. 15,

2015). An individual generally must be provided with some kind of process before he

is deprived of one of these protected interests. *Bd. of Regents of State Colleges. v.

Roth,* 408 U.S. 564, 569-70 & n. 7 (1972); *McDonald v. Wise*, 769 F.3d 1202,

1210 (10th Cir. 2014).

45.     As Article I Sec. 1 man I Plaintiff Cardenas am inherently by nature

equal, free, and independent. I am endowed by my Creator with the inalienable

rights of life, liberty, and my pursuit of my safety and happiness, and to secure, not

grant or create these rights governments are instituted.

46.     "A property interest must be specific and presently enforceable." *Doyle

v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1569. (10th Cir. 1993)." *Edwards v. Desbien*,

Civil Action No. 15-cv-00333-GPG, 7 (D. Colo. Apr. 15, 2015). "That property or

income which I as an Article I Sec. 1 man have honestly acquired, I retain full

control of subject to these limitations; I have not used it to my neighbors injury, and that does not mean that I must use it for my neighbors benefit; Second, I did not devote it to IV-D use, I did not give the IV-D agency & DAVID KILGORE or his handlers, OCSE within the U.S. DHHS the right to control that use; and Third, whenever the IV-D agency needs require, it may not take it unless upon due compensation." *Budd v. the People of the State of New York*. 143 U.S. 517.

47.    45 C.F.R. § 301.100(6) requires that wage withholding be carried out in full compliance with all Article I Sec. 7 procedural due process requirements of the State. However DAVID KILGORE, acted in such a way that denied Plaintiff Cardenas of my life, my liberty, and my property interest because prior to the wage withholding, I was never given notice of my opportunity to be heard for a decision by a neutral decision-maker of the Article VI Sec. 1 Judicial system.

48.    Due process was violated further by 45 C.F.R. § 301.100 procedures for wage withholding (4) "In the case of a support order being enforced under the plan, the withholding must occur without the need for any amendment to the support order involved or any other action by the court or entity that issued it other than that required or permitted under this section.

49.    Plaintiff Cardenas merely received a copy of an OMB form 0970-0154 from his employer. However, within the four corners of the form was no procedural due process for me to obtain an unbiased tribunal. I was provided no procedure for promptly terminating withholding and no such procedure exist on the form. "To have a property interest in a benefit, a person clearly must have more than an

abstract need or desire" and "more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. Such entitlements are defined by state law. Id.; *Ribeau v. Katt*, 681 F.3d 1190, 1994 (10th Cir. 2012). "A property interest must be specific and presently enforceable." *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1569 (10th Cir. 1993).

50.    Pursuant to 45 C.F.R. § 301.10, and § 301.100(6) the Defendant(s) Region 9 IV-D agency & DAVID KILGORE conspired to interfere and violate the Plaintiff's right to due process based on their contractual obligations under federal regulations to collect IV-D payments from Plaintiff. Defendant(s) through customs and usage did effectuate the wage withholding against my honestly acquired income in violation of Article I. Section 9. Clause 3 Bill of Pains and Penalty.

51.    Defendant(s) Region 9 IV-D agency & DAVID KILGORE committed the unlawful denial of due process under color of law, in bad faith and with malicious purpose in reckless, wanton, and willful disregard of 5th and 14th Amendment prohibitions and immunities and did deny Plaintiff Cardenas due process of law prior garnishing my honestly acquired income.

## COUNT V.
### Cardenas v. Region 9 IV-D Agency & DAVID KILGORE
### Involuntary Servitude

52.    Plaintiff hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

53.    The 13th Amendment provides that there shall be Neither slavery nor involuntary servitude, except as a punishment for a crime whereof the party shall

have been duly convicted" *Butler v Perry* 240 U.S. 328. "Involuntary means 'done

contrary to or without choice' 'compulsory'—'not subject to control of the will.

"Servitude means a condition in which a person lacks liberty especially to determine

one's course of action or way of life'—'slavery'—'the state of being subject to a

master.'

    54.    The Noncustodial Parent is defined by the U.S. DHHS, ACF, OCSE as

one who may have an obligation to pay ~~child support~~. Also referred to as the

obligor.p.19. <u>Glossary of Common Child Support Terms (hhs.gov)</u>. Pursuant to 42

U.S.C. § 666(a)(C)(3) a notice of the noncustodial parent's social security account

number shall be furnished to the ~~State~~ IV-D agency.

    55.    The IV-D agency positively identifies the noncustodial parent by a

social security number 42 U.S.C. § 666(a)(3)(C). However, the SSN by itself is not a

personal identifier because it lacks systematic assignment to me as a Const. Article

I Sec. 1 man and the means to authenticate my identity. (ssa.gov). Further, the 20

C.F.R. § 422.103(d) social security card, LEGAL name, and number thereupon are

the property of the SSA not the holder.

    56.    Based on its positive identity, the noncustodial parent is the property

of the SSA. Plaintiff Cardenas is no one's property. Further, p.19 provides that the

noncustodial parent is the legal creation of the U.S. DHHS, ACF, OCSE and an *ens

legis*, a creature of the law, an artificial being, as contrasted with a natural person.

Applied to corporations, considered as deriving their existence entirely from the

law. Black's Law Rev. 4th Ed.p.624. Plaintiff Cardenas was created by the Creators

of the universe Genesis 1;[26]. Further, artificial persons *i.e.* noncustodial parents, are created and devised by human laws for the purposes of society and government, *i.e.* Title IV-D of the Act, as distinguished from Genesis 1;[26] men. Corporations are examples of artificial persons. 1 Bl.Comm. 123. *Chapman v. Brewer*, 43 Neb. 890, 62 N.W. 320, 47 Am.St.Rep. 779.

57.    The time for the labor performed by Plaintiff Cardenas taken by Defendant(s) pursuant to 45 C.F.R. § 301.100 was against my will. Involuntary servitude is now the condition of Plaintiff who was compelled by force, coercion, or imprisonment, to labor for another, whether I am paid or not. *State v. West*, 42 Minn. 147, 43 N.W. 845; *Ex parte Wilson*, 114 U.S. 417, 5 S.Ct. 935, 29 L.Ed. 89; *Thompson v. Benton*, 117 Mo. 83, 22 S.W. 863, 20 L.R.A. 462; In re *Slaughterhouse Cases*, 16 Wall. 69, 21 L.Ed. 394; *Robertson v. Baldwin*, 165 U.S. 275, 17 S.Ct. 326, 41 L.Ed. 715.

58.    Plaintiff Cardenas was neither duly convicted in any Article VI Sec. 1 Court at the time of the servitude and I was immune and should have never undergone involuntary servitude. Defendant(s) are responsible for the deprivation of my rights and immunities against involuntary servitude when KILGORE knew or should have known that it was forbidden by both Federal and State Constitutions.

59.    Defendant(s) Region 9 IV-D agency & DAVID KILGORE did violate and conspire to violate the Plaintiff Cardenas' right and immunities from involuntary servitude by performing acts outside of the Constitution for profit by

initiating wage withholding against my honestly acquired income from which I have

suffered loss, damages, and emotional distress.

60.     Defendant(s) Region 9 IV-D agency & DAVID KILGORE's performance

under IV-D of the Act was solely for profit in lieu of impartially following the law,

lack of training and deliberate indifference of the need to train and IV-D agency

unconstitutional polices, practices and customs **she** failed to implement policies,

practices that would decrease or eliminate the deprivations of my constitutional

rights and immunities against involuntary servitude.

61.     Defendant(s) Region 9 IV-D agency & DAVID KILGORE by denial of

due process, under color of law, in bad faith and with malicious purpose in reckless,

wanton, and willful disregard of 13th Amendment rights did subject and caused

Plaintiff to be subject to involuntary servitude under IV-D of the Act and its federal

regulations by customs and usage.

## COUNT VI.
### Cardenas v. Region 9 IV-D Agency & DAVID KILGORE
### Fourteenth Amendment Violations

62.     Plaintiff hereby incorporates by reference the prior paragraphs of this

Complaint as though fully set forth at length.

63.     It is well settled that no State shall deny to any person within its

jurisdiction the equal protection of the laws. However, Defendant(s) Region 9 IV-D

agency & DAVID KILGORE knowingly and intentionally ignored my legitimate

request for case closure on the basis that 45 C.F.R. § 303.11(a)(12) was a violation of

my 14th Amendment right to equal protection of the law based on the fact that Sec.

(a)(12) only permits a women *i.e.* applicant/customer of the IV-D agency to request

case closure, not me as a man.

64.    At all times relevant Defendant(s) Region 9 IV-D agency & DAVID

KILGORE did violate and conspire to violate Plaintiff's rights to equal protection of

the laws by knowingly and intentionally ignoring and discarding my legitimate

request for case closure when the Defendant KILGORE knew or should have known

that what he was doing violated the law and my 14th Amendment right to equal

protection of the laws from which Plaintiff Cardenas suffered loss and damages.

65.    In depriving Plaintiffs of this rights for profit, Defendant(s) Region 9

IV-D agency & DAVID KILGORE through contractual agents committed the

unlawful denial of equal protection of the laws, under color of law in bad faith, and

with malicious purpose in reckless, wanton, and willful disregard of 14th

Amendment rights did subject and caused me to be subject to denial of equal

protection of the law.

## COUNT VII.
### Cardenas v. Region 9 IV-D Agency & DAVID KILGORE
### Infliction of Bills of Pains and Penalties

65.    Plaintiff hereby incorporates by reference the prior paragraphs of this

Complaint as though fully set forth at length.

66.    In the United States, bills of pains and penalties are unconstitutional

as stated in Article 1 Section 9 and Article 1 Section 10 of the U.S. Constitution.

Under IV-D of the Act a bill of pains and penalties was the act of the U.S. Congress

allowing Defendant(s) to declare obligors *i.e.* non-custodial parent guilty of not

paying. The most profitable and commonly used bill of pains and penalties inflicted

upon Plaintiff Cardenas by Defendant Region 9 IV-D agency & DAVID KILGORE was 45 C.F.R. § 303.100 administrative wage withholding without trial or due process.

67.     Article 9 Sec. 3 prohibits 45 C.F.R. § 303.100 bill of pains and penalties and Article 10 prohibits bill of pains and penalties by the states. The constitutional ban bill of pains and penalties works to uphold separation of powers principles by preventing Congress from assuming the functions of the judicial branch.

4.     45 C.F.R. § 303.100 are the acts of the Federal legislature punishing 42 U.S.C. § 666(a)(3)(C) noncustodial parents, obligated to pay Defendant(s) then by fraud, subjecting said to wage garnishment and involuntary servitude by denial of equal protection of the laws, and always without trial by jury guaranteed by the 6th Amendment.

68.     Through the usage of 45 C.F.R. § 307.10 computerized support enforcement systems, Defendant(s) Region 9 IV-D agency & DAVID KILGORE violated and conspire to violate my rights by knowingly and intentionally inflicting bills of pains and penalty to effectuate wage withholding when Defendant KILGORE knew or should have known that what he was doing was prohibited by 1 Section 9 clause 3 resulting in Plaintiff suffering loss, damages, and emotional distress.

### F. **Prayer For Relief**

A.     Quoting DAVID KILGORE's New Directors Message July 3, 2018, "And, of course, the funding is on the forefront of all of this." New Director Message - Department of Child Support Services - (csdaca.org)

B.    WHEREFORE, on the basis of the deprivation of rights under color of law, for profit by customs and usage, Plaintiff Cardenas respectfully requests that this Court:

(1). Assume jurisdiction over this action.

(2). Award termination of IV-D services with zero dollar amount of arrears.

(3). Order Defendant(s) Region 9 IV-D agency & DAVID KILGORE to refund my honestly acquired income of $172,540.00 unlawfully withheld without 45 C.F.R. § 303.100(6), 5th & 14th Amendment due process.

(4). Award accounting for 6% interest on my honestly acquired income unlawfully withheld since the fraudulent establishment of withholding.

(5). Award $172,540.00 in compensatory, punitive, and other damages against Defendant(s) Region 9 IV-D agency & DAVID KILGORE for knowingly and intentionally violating my rights and immunities secured in an amount of $172,540.00 or amount to be determined by a jury.

(6). Award $172,540.00 in damages for intentional emotional distress.

(7). Award reasonable legal fees, expenses, and costs of this litigation pursuant to 42 U.S.C. § 1988 to the Plaintiff.

(8). Award such other and further relief as this Court deems just and proper.

(9). A jury trial is demanded.

Respectfully submitted

Dated:  June 14 , 2023,

Jose: Cardenas
*propria persona*
c/o 66635 Ironwood Drive Apt. A
Republic of California, Desert Hot Springs
Non-Domestic: Real Land North America